THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COPMNAY OF HARTFOD, AND VALLEY FORGE INSURANCE COMPANY, <br><br>   Plaintiff, <br><br> vs. <br><br> FEDERAL MANAGEMENT SOLUTIONS, MICHAEL WIEBRACHT AND STEVEN WIEBRACHT (individually and doing business as Federal Management Solutions), WPS GROUP, LLC d/b/a Federal Management Solutions, and BLACKHAWK VENTURES, LLC, <br><br>   Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | Case No. 5:20-cv-00768 <br><br> [Related Case: 5:17-cv-00807-FB] |

**DEFENDANT WPS GROUP, LLC D/B/A FEDERAL MANAGEMENT SOLUTIONS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, WPS GROUP, LLC d/b/a FEDERAL MANAGEMENT SOLUTIONS, and files this its *Original Answer*, and in support therefore would show the Court the following:

**I.**
**NATURE OF THE ACTION**

1.     Defendant admits that Plaintiff holds a judgment entered by this Court on May 31, 2018, in the amount of $97,545.74, in case number 5:17-cv-00807 with post-judgment interest in the amount of not less than $102,021.49. However, Defendant denies the remainder of the allegations asserted by Plaintiff in Paragraph 1 of Plaintiff's Complaint.

## II.
## PROCEDURAL BACKGROUND, PARTIES, AND JURISDICTION

2 – 3.  Defendant is answering, upon information and belief but does not dispute the residency of the Plaintiff or any Defendant. Accordingly, the residence of each of the Plaintiff and Defendant in Case 5:17-cv-00807-FB is admitted and on information and belief, the allegations in paragraphs 2 – 3 of Plaintiff's Complaint are admitted.

4.  Defendant is answering, upon information and belief but does not dispute the existence of the prior lawsuit between Plaintiff and Blackhawk Ventures, including any judgment obtained in that lawsuit. Accordingly, on information and belief, the allegations in Paragraph 4 is admitted.

5 – 6.  Paragraphs 5 and 6 of Plaintiff's Complaint are statements that require no admission or denial.

7 – 10. Defendant is answering, upon information and belief but does not dispute the residency of the Plaintiff or any Defendant. Accordingly, the residence of each of these Defendants is admitted and on information and belief, the allegations in Paragraphs 7 – 10 of Plaintiff's Complaint are admitted.

11.  Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.  Paragraph 12 of Plaintiff's Complaint is a statement that requires no admission or denial.

13.  Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.  Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint.

## III.
## FACTUAL BACKGROUND

15.  Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.  Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.  Paragraph 17 of Plaintiff's Complaint is a statement that requires no admission or denial.

18. Defendant admits that Ruben Villareal was a construction superintendent for Mapco, Inc. and had no ownership interest in that entity. However, Defendant denies the remainder of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## IV.
## COUNT I – VIOLATION OF THE UNIFORM FRAUDULENT TRANSFER ACT

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Paragraph 36 of Plaintiff's Complaint is a statement that requires no admission or denial.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Third Amended Complaint including sections (a) – (d).

## V.
## COUNT II – BREACH OF CONTRACT – ALTER EGO LIABILITY

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

## VI.
## COUNT III – VEIL PIERCING – ACTUAL FRAUD

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Paragraph 51 of Plaintiff's Complaint is a statement that requires no admission or denial.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

## VII.
## AFFIRMATIVE DEFENSES

58. Additionally, and in the alternative, Plaintiff's own acts or omissions contributed to Plaintiff's injuries.

59. Additionally, and in the alternative, Defendant's actions were done in good faith, with due care, and within its authority, as all actions are within their business judgment on behalf of WPS Group, LLC d/b/a Federal Management Solutions.

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant, WPS GROUP, LLC d/b/a FEDERAL MANAGEMENT SOLUTIONS prays that Plaintiff take nothing herein and that Defendant has and recovers judgment of and from the Plaintiff for attorneys' fees, court costs and such other and further relief, both general and special, at law and in equity, to which the Defendant may show itself to be justly entitled.

Respectfully submitted,

**PLUNKETT, GRIESENBECK & MIMARI, INC.**
Catholic Life Insurance Building
1635 N.E. Loop 410, Suite 900
San Antonio, TX 78209
(210) 734-7092 – Phone
(210) 734-0379 – Fax
snoel@pg-law.com
wweiss@pg-law.com

BY: _____
**SCOTT M. NOEL**
State Bar No. 00797158
**WILLIAM G. WEISS**
State Bar No. 24098591
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *Defendant's Original Answer* has been served by CM/ECF and/or by electronic mail upon the following counsel of record on August 31st, 2020:

Robert Valadez
David Coates
Shelton &Valadez, PC
600 Navarro, Suite 500
San Antonio, Texas 78205
rvaladez@shelton-valadez.com
dcoates@shelton-valadez.com

_____
SCOTT M. NOEL