IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, AND VALLEY FORGE INSURANCE COMPANY, Plaintiff, | CASE NO: 5:20-CV-00768 |
| v. | [RELATED CASE: 5:17-CV-00807FB] |
| FEDERAL MANAGEMENT SOLUTIONS MICHAEL WIEBRACHT AND STEVEN WIEBRACHT (individually and doing business as Federal Management Solutions), WPS GROUP, LLC d/b/a Federal Management Solutions, and BLACKHAWK VENTURES, LLC. | JURY DEMANDED |

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

### I. The Parties Filing This Answer to the Complaint

Name: Steven Wibracht
Address: 526 E Borgfeld
City and County: San Antonio, Bexar County
State and Zip Code: Texas 78260
Telephone Number: (210) 844-0884
E-mail Address: sbwibracht@gmail.com

### II. The Answer and Defenses to the Complaint

#### A. Answering the Claims for Relief

1. Defendant denies the allegations listed in Paragraph 1 of the complaint. Federal Management Solutions charged for services and Blackhawk Ventures kept the profit from 2010-2013. Defendant has no knowledge of the relevant timeframe (2015-2016), as he separated from all listed companies in 2013. Ruben Villarreal was President and Owner of Blackhawk Ventures beginning in 2008. Administrative and Consulting Service Agreement between Federal Management Solutions and Blackhawk Ventures. Any statements or assertions Mr. Villareal never saw the agreement are denied. Please see attached *Exhibit 1 and Exhibit 2 and Exhibit 3*.

2. Defendant lacks the information to state whether the allegation in Paragraph 2 is true or false.

3. Defendant admits truth to the allegation in Paragraph 3.

4. Defendant lacks the information to state whether the allegation in Paragraph 4 is true or false.

5. Defendant lacks the information to state whether the allegation in Paragraph 5 is true or false.

6. Defendant accepts as true Paragraph 6.

7. Defendant admits truth to the allegation in Paragraph 7.

8. Defendant admits truth to the allegation in Paragraph 8.

9. Defendant denies the truth to the allegation in Paragraph 9.

10. Defendant admits truth to the allegation in Paragraph 10.

11. Defendant lacks the information to state whether the allegation in Paragraph 11 is true or false.

12. Defendant denies the truth to the allegation in Paragraph 12.

13. Defendant accepts as true Paragraph 13

14. Defendant accepts as true Paragraph 14

15. Defendant accepts the allegation in Paragraph 15 is true.

16. Defendant denies the truth to the allegation in Paragraph 16. Federal Management Solutions did not exist in 2006-2007 and Ruben Villarreal was selected solely by Michael Padron. WPS Group, LLC DBA Federal Management Solutions did not exist until 2010. Ruben Villareal was selected solely by Michael Padron to take over and be sole owner of Blackhawk.

17. Defendant accepts as a true that a true and correct copy of the transcript is attached to Plaintiff's complaint, but denies the testimony is truthful. Please see attached *Exhibit 1, Exhibit 2, and Exhibit 3*.

18. Defendant denies the truth to the allegation in Paragraph 18. Michael Padron approached Ruben Villareal to become owner.

19. Defendant denies the truth to the allegation in Paragraph 19. Michael Wibracht was not the Chief Operating Officer of Federal Management Solutions nor interviewed Mr. Villareal for a job, Michael Padron would have done the interview and any offer and or criteria.

20. Defendant denies the truth to the allegation in Paragraph 20. See response to Paragraph 19.

21. Defendant denies the truth to the allegation in Paragraph 21. Michael Padron alone offered to make Ruben Villarreal the President and Owner of Blackhawk Ventures.

22. Defendant denies the truth to the allegation in Paragraph 22. Ruben Villarreal has no relationship with Michael Wibracht. Ruben Villarreal had been an associate and employee of Michael Padron's since 1999. See response to Paragraph 21.

23. Defendant denies the truth to the allegation in Paragraph 23.

24. Defendant denies the truth to the allegations in Paragraph 24
Federal Management Solutions provided construction related services as requested by Blackhawk Ventures per signed agreement. *See exhibit 1,* at least through 2013 when Michael Wibracht ceased to own any part of FMS. *See attached exhibit 2 and 3*. After August 29, 2013, WPS/FMS was owned by Michael Padron and Brian Taylor. Mr. Wibracht's involvement with WPS/FMS and Blackhawk has been resolved by Senior Unites States District Court Judge David A Erza during litigation with Travelers Insurance Company. Order signed March 22, 2019 which states Michael Wibracht has no financial responsibility for contracts entered by said companies after his separation from the companies in August of 2013. *See exhibit 3*.

25. Defendant lacks the information to state whether the allegation in Paragraph 25 is true or false.

26. Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See exhibits 2 & 3*.

27. Defendant lacks the information to state whether the allegation in Paragraph 27 is true or false. Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See Exhibits 2 and 3*.

28. Defendant denies the truth to the allegation in Paragraph 28. Ruben Villarreal was presented the Administrative and Consulting Services Agreement on March 7, 2011 which stated the services available to customer under said agreement, consideration of services, termination, independent contractor information, confidentiality notice, modifications, disputes, sole agreements, compliance with applicable laws, recruitment of personnel, communication with
owners and higher-tier contractor, severability, and a waiver. In addition, Ruben Villarreal was also presented with a Federal Management Solutions Hourly Rate Sheet for services and
development. Mr. Villarreal signed the abovementioned agreement on March 7, 2011 and listed his title as Owner. *Please see Exhibit 1*. However, defendant lacks any information as to what was done between Blackhawk and WPS/FMS after August 2013. *Please see exhibit 2 & 3*.

29. Defendant denies the truth to the allegation in Paragraph 29 prior to August of 2013. Ruben Villarreal was not the sole employee of Blackhawk Ventures. Additionally, see response and exhibits referenced in paragraph 28.

30. Defendant lacks the information to state whether the allegation in Paragraph 30 is true or False for the dates listed in the complaint. *See Exhibits 2 and 3.*

31. Defendant denies the truth to the allegation in Paragraph 31. Michael Wibracht was not the Chief Operating Officer of Federal Management Solutions and Steven Wibracht was not the Chief Financial Officer of Federal Management Solutions. Mr. Wibracht's only knowledge of FMS is prior to August 29, 2013. *See Exhibits 2 and 3.*

32. Defendant lacks the information to state whether the allegation in Paragraph 32 is true or false. Michael Padron and Brian Taylor were the owner of FMS and Mapco from 2013 going forward. *See Exhibits 2 and 3.*

33. Defendant lacks the information to state whether the allegation in Paragraph 33 is true or false. Michael Padron and Brian Taylor were the owners of FMS and Mapco from 2013 going forward. *See exhibit 2.*

34. Defendant denies the truth to the allegation in Paragraph 34. *See attached Exhibit 2 & 3.*

35. Defendant denies the truth to the allegation in Paragraph 35.

36. Defendant accepts as true Paragraph 36.

37. Defendant denies the truth to the allegation in Paragraph 37. *See exhibits 2 & 3.*

38. Defendant denies the truth to the allegation in Paragraph 38.

39. Defendant lacks the information to state whether the allegation in Paragraph 39 is true or false.

40. Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See exhibits 2 & 3.*

41. Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See exhibits 2 & 3.*

42. Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See exhibits 2 & 3.*

43. FMS/WPS Group was owned by Michael Padron and Brian Taylor during the relevant period. *See attached exhibit 2 & 3.*

44. Defendant denies the truth to the allegation in Paragraph 44.

45. Defendant denies the truth to the allegation in Paragraph 45. *See exhibits 2 & 3*

46. Defendant denies the truth to the allegation in Paragraph 46. *See exhibits 2 & 3*

47. Defendant denies the truth to the allegation in Paragraph 47. Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See exhibits 2 & 3.*

48. Defendant denies the truth to the allegation in Paragraph 48 Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See exhibits 2 & 3.*

49. Defendant denies the truth to the allegation in Paragraph 49.

50. Defendant denies the truth to the allegation in Paragraph 50.

51. Defendant accept as true Paragraph 51.

52. Defendant denies the truth to the allegation in Paragraph 52. Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See exhibits 2 & 3.*

53. Defendant denies the truth to the allegation in Paragraph 53.

54. Defendant denies the truth to the allegation in Paragraph 54. Michael Wibracht was not involved in any FMS activities after August 2013. Michael Padron and Brian Taylor owned FMS.
Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See exhibits 2 & 3.*

55. Defendant denies the truth to the allegation in Paragraph 55. Defendant lacks any knowledge during the timeframe of the plaintiff's complaint (2015-2016). His separation was August 2013. *See exhibits 2 & 3.*

56. Defendant denies the truth to the allegation in Paragraph 56.

57. Defendant denies the truth to the allegation in Paragraph 57.

58. Defendant requests jury trail demand be denied and in the alternative a take nothing judgement be entered based on exhibits 2 & 3, specifically exhibit 3, wherein a federal court in the Western District of Texas, San Antonio Division, by Senior United States District Court Judge David A. Ezra, has previously ruled that Michael Wibracht had no involvement with FMS or Blackhawk for any contractual obligations by said companies after August 29, 2013. *See Exhibit 3.*

    Additionally, Mr. Wibracht would like the court to take notice that the SAME attorney representing Michael Padron in the above-mentioned federal litigation ruled on by Senior

United States District Court Judge David A. Ezra is the same attorney, Scott Noel, who also represented Ruben Villareal during his deposition. Mr. Noel therefore, because of his representation of Michael Padron in the Traveler's Insurance lawsuit, had actual knowledge that Mr. Wibracht was not part of these companies after August 29, 2013, and therefore knew his client, Ruben Villareal's testimony was perjured during his deposition. If there is any relief for that from this court, Mr. Wibracht requests such relief from this Court.

**II. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support of, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

    **A. For Parties Without an Attorney**

        I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Prayer for Relief: Wherefore, Michael Wibracht prays that this honorable court deny plaintiff's jury trial demand and enter a take nothing judgement based on plaintiff's failure to prove their case and based on previous federal court rulings in the Western District of Texas, San Antonio Division, by Senior United States District Court Judge David A. Ezra, that Michael Wibracht had no involvement with WPS/FMS or Blackhawk for any contractual obligations by said companies after his separation on August 29, 2013.

Date of signing: 12-21-20

Signature of Defendant:

Printed Name of Defendant:

Steven Wibracht

Response will be sent Certified Mail to David Coates (Shelton & Valadez)