IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND VALLEY FORGE INSURANCE COMPANY<br>    *Plaintiff* | § § § § § § § § | |
| v. | § § | Civil Action No.5:20-CV-00768-FB-ESC |
| FEDERAL MANAGEMENT SOLUTIONS, MICHAEL WIEBRACHT AND STEVEN WIEBRACHT individually and doing business as Federal Management Solutions), WPS GROUP, LLC d/b/a Federal Management Solutions, and BLACKHAWK VENTURES, LLC<br>    *Defendants* | § § § § § § § § § § § | |

### *MOTION FOR PROTECTIVE ORDER OF MOVANT RIDOUT BARRETT & CO., P.C.*

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

Pursuant to FED. R. CIV. P. 26(c) and 45, RIDOUT BARRETT & CO., P.C., appearing herein as Movant, files this Motion for Protective Order.

### BACKGROUND

1.  CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND VALLEY FORGE INSURANCE COMPANY [Hereinafter "Plaintiff"] and FEDERAL MANAGEMENT SOLUTIONS, MICHAEL WIEBRACHT AND STEVEN WIEBRACHT individually and doing business as Federal Management Solutions), WPS GROUP, LLC d/b/a Federal Management Solutions, and BLACKHAWK VENTURES, LLC are involved in the above styled and numbered civil

litigation currently pending in the United States District Court for the Western District of Texas, San Antonio Division

3. Plaintiff Subpoenaed RIDOUT BARRETT & CO., P.C., [Hereinafter "RBC"] an accounting firm in San Antonio, Texas to produce documents, information of objects or to permit inspection of premises in this civil action under FED. R. CIV. P. 45. [Hereinafter "Subpoena"]

4. RBC is a non-party to this civil action and only appears herein as Movant.

## SUMMARY OF REQUESTED RELIEF

5. The Subpoena *Duces Tecum* by Plaintiff is extensive and seeks documents regarding Blackhawk Revenue; all communication between RBC and the United States Department of Justice; all communication between RBC and Blackhawk; all communications between RBC and Federal Management Solutions/WPS Group. Michael Wiebracht, Steven Wiebracht, Villareal, MapCo; Other Blackhawk related communication and documents; Organizational and Corporate documents from related and unrelated parties to this civil action; and Loan Documents and Notes.

6. The requests seek documents and information unrelated to the accounting services RBC provided. RBC therefore objects to the Subpoena *Duces Tecum* and moves for protection asking the Court to strike the documents requested.

## EVIDENCE IN SUPPORT OF MOTION

8. RBC submits the following evidence in support of its Motion for Protective Order:

- The Subpoena *Duces Tecum* directed to *Ridout Barrett & Co., P.C.*

## ARGUMENTS AND AUTHORITIES

9. As allowed by FED. R. CIV. P. 26(c) and 45(d), RBC moves for protection on

the following grounds:

10. RBC is aware that to resolve a civil dispute, pre-trial discovery is a necessary component. Discovery is often already costly in money, time and resources for the parties involved but more over for non-parties like Movant. Plaintiffs discovery methods include an almost limitless number of documents of an accounting firm not a party to the civil action and asks them to bear the costs which are significant and for which RBC should not be responsible. *See Legal Voice v. Stromans Inc.* 738 F.3d 1178, 1184 (9th Cir.2013).

11. FED. R. CIV. P. 26(g)(1)(B) requires a party seeking discovery to act reasonably without imposing an undue burden of expense considering the needs of the case. Upon information and belief Plaintiffs are trying to recover about $100,000.00 [One Hundred Thousand and No/100 Dollars] under a previous judgment. In their effort to recover they are asking RBC to incur a significant burden and cost which RBC should not have to incur. *See Mount Hope Ch. v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012).

12. Discovery has been made subject to strict limiting rules. Our "civil tribunals . . . must be governed by sound rules of practice and procedure." Roberts, C.J., "2015 Year-end Report on the Federal Judiciary," at 2 (comparing our civil justice system to the "inherently uncivilized" practice of dueling). The Federal Rules crystalize the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.

13. The documents requested are voluminous, vague, ambiguous, and overbroad. The language of the requests is subject to various interpretations or represents a misunderstanding of accounting and financial practices. In addition, the document requests are over broad and not limited to a reasonable time, place, or scope FED. R. CIV. P. 26(b)(1).

14. The requests are unduly burdensome, either individually or as a whole, and do not seem proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). The requests amount to nothing more than an impermissible fishing expedition resulting is a substantive burden in time and money to RBC. FED. R. CIV. P. 45(d)(3) requires the court to quash a subpoena that subjects a nonparty to an undue inconvenience and expense burden. *See Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004).

15. Plaintiffs have not made a foundational showing that this information is both relevant and necessary to the presentation of its case. *See Guzman v. Jones,* 804 F.3d 707 (2015) and therefore, RBC seeks protection from the Subpoena requests.

16. RBC reserves the right to amend, supplement, and modify this Motion should Respondents later assert an interpretation of any document requests that differs from Interventional's interpretation.

## **MOTION FOR PROTECTIVE ORDER**

17. As allowed by FED. R. CIV. P. 26(c) and 45, RBC moves for protection asking the Court to strike Plaintiff's document request.  RBC should not be burdened with the burdensome and costly fishing expedition Plaintiff' is trying to pursue. The time, effort, expense, and cost RBC would incur in gathering any responsive documents, analyzing them for production, reviewing them for confidential/private information, redacting them, obtaining legal counsel regarding this production, and then producing them would be substantial.  *See* FED. R. CIV. P. 45(d)(1).  For these reasons, RBC is entitled to

4

protection from Plaintiff's Subpoena *Duces Tecum* as an unnecessary waste of a nonparty's time and resources.

18.     Should to Court overrule the objections of RBC and require the production of any documents, RBC asks that any such response be made with the understanding that certain data may be redacted and that an appropriate protective order or order of confidentiality will be sought, and that the information supplied would be subject to any such Protective Order entered.  RBC would also seek from the Court the imposition of reasonable conditions to comply with the subpoena, including the payment of costs and expenses (including attorney's fees) incurred by RBC.

### **PRAYER**

WHEREFORE, RIDOUT BARRETT & CO., P.C., respectfully requests that this Court protects it from Plaintiff's Subpoena *Duces Tecum* as set forth in this Motion.  In addition, RIDOUT BARRETT & CO., P.C., prays for such other and further relief, both at law and in equity, to which it may be justly entitled.

                Respectfully Submitted

                */s/ Adriaan T. Jansse, MD, JD*
                Adriaan T. Jansse, MD, JD
                SBN: 24043740
                JANSSE LAW
                P.O. Box 791215
                San Antonio, Texas 78279
                Tel: (210) 460-2135
                Fax: (210) 460-1947
                *Attorney for Ridout Barrett & Co., P.C.*

## ***CERTIFICATE OF CONFERENCE***

The undersigned hereby acknowledges that he as well as a representative of *Ridout Barret & Co., P.C.* before him, have tried to reach out to counsel for Plaintiff, to discuss Plaintiff's Subpoena *Duces Tecum* request but that counsel for Plaintiff has never responded.

*/s/ Adriaan T. Jansse. MD, JD*
Adriaan T. Jansse

## ***CERTIFICATE OF SERVICE***

I hereby certify that on the 1st day of February 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to each counsel of record listed below.

>Robert Valadez
>rvaladez@shelton-valadez.com
>**SHELTON & VALADEZ P.C.**
>600 Navarro, Suite 500
>San Antonio, Texas 78205
>(210) 349-0515
>*Attorneys for Plaintiff*

>John Eggum
>jeggum@fgppr.com
>**FLORAN GLENNON PALANDECH PONZI & RUDLOFF P.C**.
>222 N. LaSalle Street, Suite 1400
>Chicago, Illinois 60601
>(312) 863-5000
>*Attorney for Plaintiff*

>Scott M. Noel
>**PLUNKETT, GRIESENBECK & MIMARI, INC.**
>1635 N.E. Loop 410, Suite 90
>San Antonio, Texas 78209
>(210) 734-7092
>*Attorney for Defendants*

>>*/s/ Adriaan T. Jansse, MD. JD*
>>Adriaan T. Jansse