IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, VALLEY FORGE INSURANCE COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>*Plaintiffs,*<br><br>vs.<br><br>BLACKHAWK VENTURES, LLC, MICHAEL WIEBRACHT, STEVEN WIEBRACHT, FEDERAL MANAGEMENT SOLUTIONS, WPS GROUP, LLC,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § §   SA-20-CV-00768-FB |

## ORDER

Before the Court in the above-styled cause of action are Defendant WPS Group, LLC D/B/A Federal Management Solutions' Motion to Stay Civil Action Pending the Resolution of Related Criminal Matter and, Alternatively, Motion for Protective Order [#37] and Defendant Steven Wibracht's Opposed Motion for Leave to File Supplemental Answer [#45]. The Court held a hearing on the motions on this day, at which Plaintiffs and Defendants Steven Wibracht, Federal Management Solutions, and WPS Group, LLC appeared through counsel. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

Defendant WPS Group asks the Court to stay this case in light of various criminal proceedings pending against Defendant Michael Wibracht, Ruben Villareal (an individual associated with Defendant Blackhawk Ventures, LLC), and Michael Padron, the only current agent for WPS Group. WPS Group takes the position that discovery sought by Plaintiffs from

1

WPS may subject Mr. Padron to the possibility of self-incrimination. To avoid these Fifth Amendment issues, WPS Group asks the Court to stay this case until after the criminal proceedings have been completed.

This Court has discretion to stay discovery and all governing deadlines "when the interests of justice seem to require such action . . . ." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Although there is no general rule barring the simultaneous prosecution of civil and civil proceedings, a district court may issue a stay to preserve a defendant's Fifth Amendment right against self-incrimination. *See Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (citing *Alcala v. Tex. Webb County*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009)). Courts consider the following six factors to determine whether a stay of the civil proceedings is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.*

Plaintiffs and Steven Wibracht agree that the case should be stayed, and the Court will exercise its discretion to enter the requested stay. The Court will therefore stay this case for 90 days. At the end of the 90-day period, the parties are ordered to confer regarding the status of the criminal proceedings and their respective positions on whether the stay can be lifted. The parties should file a joint advisory with the Court that advises the Court on their positions on the matter.

The parties, however, asked the Court to resolve two outstanding issues at the hearing— (1) whether third-party Ridout Barrett & Co. ("RBC") should be required to produce certain

documents to the parties prior to entering the stay, and (2) whether Defendant Steven Wibracht should be permitted to file an amended answer prior to the entry of the stay. The Court will not order RBC to produce the requested discovery at this time but will grant Wibracht's motion for leave to file an amended answer.

RBC is the CPA for Defendant Blackhawk Ventures. In February 2021, Plaintiffs served a subpoena on RBC seeking financial information related to Blackhawk Ventures' revenue. RBC had filed a motion for a protective order with this Court, which the parties resolved prior to the Court's scheduled hearing. In the order dismissing RBC's motion as moot, the Court memorialized the parties' agreement and ordered RBC to provide an initial set of responsive documents by March 16, 2021. (Order [#35].) RBC has yet to provide the documents. Per an advisory filed by RBC regarding WPS Group's motion to stay, the Department of Justice ("DOJ") has contacted RBC regarding the possibility that certain documents produced to DOJ by RBC contain privileged information. This is the same set of documents sought by Plaintiffs here. RBC and DOJ are still in the process of reviewing these documents for possible privilege. RBC is not opposed to providing the documents to Plaintiffs but does not wish to hinder or jeopardize any criminal proceedings through the inadvertent disclosure of privileged information. WPS Group takes the position that the documents should not be produced prior to the resolution of the criminal proceedings. In light of these issues, the Court will not order RBC to produce the requested documents prior to issuing the stay. The parties may resume their discussion as to these issues upon the resolution of the criminal proceedings and the lifting of the stay.

Steven Wibracht will be permitted to file an amended answer. Wibracht was initially proceeding *pro se* in this action but has now retained an attorney. He asks the Court for leave to

file an amended answer prior to the issuance of the stay so that he can assert his right to claim attorney's fees and costs under the Texas Uniform Fraudulent Transfers Act. *See* Tex. Bus. & Comm. Code § 24.013. Wibracht has shown good cause for filing the amended pleading. *See* Fed. R. Civ. P. 15(a).

**IT IS THEREFORE ORDERED** that Defendant WPS Group, LLC D/B/A Federal Management Solutions' Motion to Stay Civil Action Pending the Resolution of Related Criminal Matter and, Alternatively, Motion for Protective Order [#37] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is hereby **STAYED** for **90 days** in light of the pending criminal proceedings related to this matter. The parties are instructed to file a joint advisory upon the expiration of the 90 days (on or before **July 27, 2021**).

**IT IS FURTHER ORDERED** that Defendant Steven Wibracht's Opposed Motion for Leave to File Supplemental Answer [#45] is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk docket the Supplemental Answer attached as Exhibit A to Wibracht's motion [#45-1] and that Defendant Steven Wibracht may file a formal Amended Answer within **seven days** of this Order.

SIGNED this 28th day of April, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE