IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, VALLEY FORGE INSURANCE COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, | § § § § § § | SA-20-CV-00768-FB |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| BLACKHAWK VENTURES, LLC, MICHAEL WIEBRACHT, STEVEN WIEBRACHT, FEDERAL MANAGEMENT SOLUTIONS, WPS GROUP, LLC, | § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is the above-styled cause of action. On August 18, 2021, the parties appeared through counsel for a status conference regarding the existing stay of this case due to pending criminal proceedings against Michael Padron, the sole agent of Defendant WPS Group, LLC.[1] The record reflects that on April 28, 2021, the Court granted WPS Group's motion to stay based on the potential for the discovery process to subject Mr. Padron to the possibility of self-incrimination in violation of the Fifth Amendment [#50]. At the time of WPS Group's motion, neither Plaintiffs nor Defendant Steven Wibracht opposed the requested stay.

In the Order imposing the initial stay, the Court addressed the issue of whether third-party Ridout Barrett & Co. ("Ridout"), the former CPA for Defendant Blackhawk Ventures, should be required to produce certain documents demanded pursuant to a subpoena served by Plaintiffs prior to the entry of the stay. The Court declined to order Ridout to produce the

---

[1] Defendant Michael Wibracht, proceeding *pro se*, and third-party Ridout Barrett & Co. did not appear.

1

documents at the time, noting that the Department of Justice ("DOJ") and WPS Group were in the process of reviewing many of the documents responsive to the subpoena for privilege in conjunction with the prosecution of Mr. Padron. The Court imposed the stay for 90 days, until July 27, 2021.

On July 27, 2021, the parties filed a Joint Advisory [#52], indicating that the privilege review by DOJ is ongoing; Mr. Padron's criminal proceedings are not expected to be resolved in the immediate future; and Plaintiffs and Steven Wibracht believe the stay should be lifted such that all non-privileged documents that have been or will be released to the prosecutors in the criminal proceedings against Mr. Padron should be produced by WPS Group in this litigation. WPS Group, in contrast, believes that this case should be stayed for an additional six months and that no documents from Ridout should be produced in the interim. Steven Wibracht also provided the Court with a brief in opposition to a blanket stay of this action during the pendency of Mr. Padron's criminal proceedings [#53].

The Court will grant Plaintiffs' and Wibracht's request to lift the stay for the limited purpose of allowing Ridout to identify the documents that are responsive to the subpoena and to provide those documents to WPS Group for a privilege review. As set forth in Wibracht's brief, there is no rule prohibiting simultaneous prosecution of parallel civil and criminal proceedings. *See Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981). And "[a] mere relationship between civil and criminal proceedings . . . does not necessarily warrant a stay." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (quoting *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979)). Furthermore, "a blanket invocation of the fifth amendment privilege is insufficient to relieve a civil litigant of the responsibility to answer questions put to him during the civil discovery process and to claim the

privilege with respect to each inquiry." *First Fin. Group of Tex., Inc.*, 659 F.2d at 668. Rather, a party must present the court with specific arguments regarding privilege tethered to the questions or documents at issue. *Id.*

Furthermore, Mr. Padron, the individual in possession of the Fifth Amendment privilege, is not a party to this action, and WPS Group, as a collective entity, does not have a Fifth Amendment privilege against self-incrimination. *See Hale v. Henkel*, 201 U.S 43, 75 (1906), *overruled in part on other grounds by Murphy v. Waterfront Cmm'n of N.Y. Harbor*, 378 U.S. 52, 68–70 (1964). Additionally, although a sole proprietor can invoke the Fifth Amendment when responding to requests for business records from the sole proprietorship, "an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if these records might incriminate him personally." *Bellis v. United States*, 417 U.S. 85, 87 (1974).

Due to the foregoing, the stay should be lifted so that WPS Group can review the responsive documents, can articulate why Mr. Padron believes he can assert his privilege against compulsory self-incrimination in this case even though he is not a party, and can make more specific objections related to that privilege. The Court will therefore order Ridout to respond to the subpoena by first producing documents to counsel for WPS Group. The Court will also set this case for a status conference in 60 days and order the parties to confer prior to the conference regarding their positions on whether the stay should be lifted in whole or in part.

**IT IS THEREFORE ORDERED** that the Court hereby **LIFTS** the stay for the limited purpose of ordering third-party Ridout Barrett & Co. to identify documents responsive to the subpoena served on it by Plaintiffs on January 18, 2021 [#26-1] and to produce them to counsel for WPS Group for a privilege review.

**IT IS FURTHER ORDERED** that within 30 days of this Order, Ridout Barrett & Co. identify those documents responsive to the subpoena and produce them to counsel for WPS Group.  Upon the production to WPS Group, the parties are directed to confer as to the reasonable length of time for WPS Group to conduct its privilege review.

**IT IS FURTHER ORDERED** that this case is set for a video status conference via Zoom at **1:00 p.m.** on **October 19, 2021**.  All parties are **required to appear by Zoom** for the hearing.  The information to join the hearing is as follows:

Join ZoomGov Meeting:  https://txwd-uscourts.zoomgov.com/j/16126729723

Meeting ID: 161 2672 9723

If there are questions regarding the Zoom appearance, the parties should contact Valeria Sandoval, Courtroom Deputy, at txwdml_chambers_sa_judgechestney@txwd.uscourts.gov.

Because earlier hearings in other cases may be in progress at the time attorneys log-in for their scheduled hearing, attorneys may be required to wait in the Zoom "waiting room" until the Courtroom Deputy addresses them.  Parties should review the July 15, 2020 Standing Order Regarding Telephone or Video Teleconference Hearings, which is available upon request from the Courtroom Deputy and on the Court's website.

**IT IS FURTHER ORDERED** that the parties confer prior to the status conference regarding their positions on whether the stay should be lifted (in whole or in part) at the status conference and file an advisory on or before **October 17, 2021** that sets forth their positions.

**IT IS FINALLY ORDERED** that the stay remains in place for all other purposes until further Order of the Court.

**IT IS SO ORDERED.**

SIGNED this 20th day of August, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE