IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CONTINENTAL CASUALTY          §
COMPANY,  VALLEY FORGE        §
INSURANCE COMPANY,  NATIONAL  §          SA-20-CV-00768-FB
FIRE INSURANCE COMPANY OF     §
HARTFORD,                     §
                             §
            *Plaintiffs,*      §
                             §
vs.                          §
                             §
BLACKHAWK VENTURES, LLC,      §
MICHAEL WIEBRACHT,  FEDERAL   §
MANAGEMENT SOLUTIONS,  WPS    §
GROUP, LLC,                   §
                             §
            *Defendants.*      §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the above-styled cause of action.  All pretrial

matters in this case have been referred to the undersigned for disposition pursuant to Western

District of Texas Local Rule CV-72 and Appendix C.  The undersigned has authority to enter

this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is

recommended that this action be dismissed for want of prosecution.

## I.  Background and Analysis

The record reflects that this this case was filed on July 1, 2020, and has been

administratively closed since April 26, 2023, due to lack of activity.  The Court first stayed this

case on April 28, 2021, on the motion of Defendant WPS Group, LLC, due to concerns that

discovery sought by Plaintiffs could subject Michael Padron, the only current agent for WPS

Group, to the possibility of self-incrimination.  At the time, criminal proceedings were pending against Mr. Padron.  On June 10, 2022, the Court ordered that this case remain stayed both due to Mr. Padron's criminal proceedings and a pending bankruptcy filed by Defendant Michael Wiebracht.  In that order, the Court ordered the parties to file a joint advisory on the status of this case within 90 days of the resolution of Mr. Padron's criminal trial.

Mr. Padron was tried before a jury in June 2022 and found guilty on a number of counts in the indictment.  *See United States v. Padron*, 5:21-CR-00124-XR(1).  On January 18, 2023, the District Court sentenced Mr. Padron to a term of imprisonment, to be followed by a term of supervised release.  *See id.*  The parties failed to file an advisory within 90 days of the resolution of Mr. Padron's criminal trial as ordered, and the Court entered an order on March 20, 2023, reminding them of their obligation and providing a new deadline of April 18, 2023, for an advisory on both the status of this case as to WPS Group and as to Mr. Wiebracht's bankruptcy proceedings.  The parties again failed to file the ordered advisory.

Given that no party had appeared or filed anything in this case since June of 2022, and the parties were non-responsive to the Court's orders, the Court administratively closed the case due to lack of activity on April 26, 2023.  Then, on February 1, 2024, the Court issued a Show Cause Order ordering Plaintiffs to show cause why this case should not be dismissed for want of prosecution on or before February 12, 2024 [#73].  To date, Plaintiffs have not responded to the Court's Show Cause Order or taken any other action in this case.  The Fifth Circuit affirmed Mr. Padron's conviction and sentence on March 19, 2024.  *See United States v. Padron*, 5:21-CR-00124-XR(1), dkt. 278.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R.

Civ. P. 41(b).  The undersigned will therefore recommend dismissal of this case for want of prosecution and failure to follow a court order.

## II.  Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned recommends that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §

636(b)(1).

 SIGNED this 30th day of April, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE